UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAMON CALDWELL, Jr.,

    Petitioner,               Case No. 2:22-CV-11760
                                       HONORABLE DENISE PAGE HOOD

BRYAN MORRISON,

    Respondent.
_____/

**OPINION AND ORDER TRANSFERRING THE PETITION FOR A WRIT OF HABEAS CORPUS TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN**

Ramon Caldwell, Jr., ("petitioner"), presently confined at the Lakeland Correctional Facility in Coldwater, Michigan, filed a petition for a writ of habeas corpus in this district pursuant to 28 U.S.C. § 2254.  In his application, petitioner challenges his conviction for first-degree home invasion, assault with intent to commit sexual penetration, and indecent exposure in the Circuit Court for Cass County, Michigan.  In the interests of justice, the Court concludes that the proper venue for this petition is in the Western District of Michigan and orders that the petition be transferred to that district.

**I. DISCUSSION**

28 U.S.C. 28 U.S.C. § 2241 (d) states:

1

>Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d) thus allows a state prisoner who seeks relief from a state court conviction by filing a petition for a writ of habeas corpus either in the federal district where he was convicted or in the district where he is confined, provided, of course, that both judicial districts are located within the same State. *Rumsfeld v. Padilla,* 542 U.S. 426, 443 (2004); *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 497 (1973); *Schlanger v. Seamans*, 401 U.S. 487, 490, n. 3 (1971).  28 U.S.C. § 2241(d) "explicitly" governs the jurisdiction of a federal court over habeas petitions. *See Taylor v. Owens*, 990 F.3d 493, 499 (6th Cir. 2021).

For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought. *See Weatherford v. Gluch*, 708 F. Supp. 818, 819-820 (E.D. Mich. 1988)(Zatkoff, J.); 28 U.S.C. § 1404(a). When venue is inappropriate, a court may transfer a habeas petition to the

2

appropriate federal district court *sua sponte*. *See Verissimo v. I.N.S.,* 204 F. Supp. 2d 818, 820 (D.N.J. 2002).

Petitioner was convicted in Cass County, Michigan, and is presently incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan, both located in the Western District of Michigan. A federal district court lacks jurisdiction to hear a state prisoner's habeas petition, where the petitioner was not convicted, sentenced, or incarcerated within that district. *See Wadsworth v. Johnson*, 235 F.3d 959, 962-63 (5th Cir. 2000). Petitioner was convicted and sentenced in a state court located in the Western District of Michigan and is incarcerated in a state facility likewise located in that district. Thus, the United States District Court for the Western District of Michigan is the only court with jurisdiction to hear his 28 U.S.C. § 2254 petition. *See Carmona v. Andrews,* 357 F.3d 535, 537-39 (5th Cir. 2004); *see also Young v. Horton,* No. 2:19-CV-12710, 2019 WL 4732481, at *1 (E.D. Mich. Sept. 26, 2019); *Manes v. Bell,* No. 07-CV-11716, 2007 WL 1228093, *1 (E.D. Mich. Apr. 23, 2007)(because both the place of petitioner's conviction and the locale of his incarceration were in the Western District of Michigan, the only proper place of venue would be that district)(citing *Gist v. Henderson*, 401 F. Supp. 819, 819 (W.D.N.Y. 1975)). Being that petitioner's conviction occurred in a state court that is not located in the Eastern District of Michigan

3

and petitioner is not presently in custody in this district, the Court shall transfer the matter to the United States District Court for the Western District of Michigan pursuant to § 2241(d). *See Dilworth v. Johnson*, 215 F.3d 497, 499, n. 1 (5th Cir. 2000); *Young v. Horton*, Slip. Op. at *1; *Manes v. Bell,* Slip. Op. at *1.

## II.  ORDER

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).

s/Denise Page Hood
Denise Page Hood
United States District Court

Dated:  August 2, 2022